FILED
01-28-2022
Dunn Co. Circuit Court
Dunn County, WI
2022CV000018
Honorable James M Peterson
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT<br>CIVIL DIVISION | DUNN COUNTY |
|---|---|---|

Harry Davis
1622 South Lakeview Drive
Sebring, Florida 33870

       Plaintiff,

Case No.:
Code No.: 30107

Atlantic Specialty Insurance Company
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717

Blue Cross Blue Shield
Registered Agent, Patricia G. Tobin, Esquire
1 Eden Pkwy,
Lagrange, KY 40031
       Involuntary Plaintiffs,
vs
Love's Travel Stops
Store #622
5930 Badger Drive
Menomonie, WI 54751

Love's Travel Stops & Country Stores
10601 North Pennsylvania
P.O Box 26210
Oklahoma City, OK 73120

ABC Incorporated, and

XYZ, Insurance Company
Defendants

## SUMMONS

THE STATE OF WISCONSIN

TO EACH OF THE ABOVE-NAMED DEFENDANTS

1



You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Ch. 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Clerk of Circuit Court, Dunn County Courthouse, 615 Stokke Pkwy Ste 130

Menomonie, WI, 54751 and to Emmanuel L. Muwonge & Associates, LLC, 10701 West North Avenue, Suite 203, Wauwatosa, WI 53226 You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint. And you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Wauwatosa, WI this 28th day of January 2022.

        Emmanuel L. Muwonge & Associates, LLC
        Attorneys for the Plaintiff, Harry Davis
Electronically signed:   By: *Emmanuel L. Muwonge*
        Emmanuel L. Muwonge
        State Bar No.:1019057
        Emmanuel@muwongelaw.com

**POST OFFICE ADDRESS:**
10701 West North Avenue, Suite 203
Wauwatosa, WI 53226
(414) 933-4144
(414) 933-2979

FILED
01-28-2022
Dunn Co. Circuit Court
Dunn County, WI
2022CV000018
Honorable James M Peterson
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | DUNN COUNTY |

Harry T. Davis
1622 South Lakeview Drive
Sebring, Florida 33870

    Plaintiff,

Case No.:_____
Code No.: 30107

Atlantic Specialty Insurance Company
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717

Blue Cross Blue Shield
Registered Agent, Patricia G. Tobin, Esquire
1 Eden Pkwy,
Lagrange, KY 40031
        Involuntary Plaintiffs,
vs

Love's Travel Stops
Store #622
5930 Badger Drive
Menomonie, WI 54751

Love's Travel Stops & Country Stores
10601 North Pennsylvania
P.O Box 26210
Oklahoma City, OK 73120

ABC Incorporated, and

XYZ, Insurance Company
        Defendants

---

## COMPLAINT

---

THE STATE OF WISCONSIN

TO EACH OF THE ABOVE-NAMED DEFENDANTS

3

NOW COMES the above-named plaintiff, Harry Davis, by his attorneys, Emmanuel L Muwonge, LLC, by Emmanuel L. Muwonge, and as and for his causes of action against the above named defendants, alleges and shows to the Court as follows:

1. The Plaintiff, Harry T. Davis, hereinafter "Davis", is an adult resident of the City of Sebring residing at 1622 South Lakeview Drive, City of Sebring, State of Florida, 33870; that at all times material herein, Davis was legally on the premises located at 5930 Badger Drive, Menomonie, WI which location is a Truck Stop owned and operated by Loves Travel Stops; that Davis was on the premises to purchase gas for his truck on January 31st, 2019..

2. That upon information and belief, the defendant Loves Store #622 hereinafter "#622" is located at 5930 Badger Drive, Menomonie, WI 5475 and said #622 was at all material times herein, owned and managed by their parent Love's as a Truck Stop located at the aforementioned address, where retail business which included the sale of gas and related products were sold to the general public.

3. That the defendant Love's Travel Stops & Country Stores, Inc., hereinafter "Love's", is a Foreign Business Corporation whose principal Office is located 10601 N. Pennsylvania Avenue, Oklahoma City, OK 73120, USA and whose Registered Agent for Service of Process is CT Corporation System 301 S. Bedford St, Suite 1, Madison, WI 53703, Defendant Love's owns and operates multiple travel centers across the United States, with gas stations, food, showers, and other amenities for truck drivers, specifically including the Love's facility which concerns the present action located at 5930 Badger Drive, Menomonie, WI 54751 that said Love's was and is engaged in the management and operation of Truck Stops including but not limited to #622 and was at all material times

4

herein, the owner manager involved in the supervision of the day to day management and operation of #622; that upon information and belief, Love's is Self-Insured and therefore, responsible for every loss and damages occurring by virtue of the negligence of their employees, contractors, retail stores employees, managers, and operators of their retail stores and engaged in ensuring there was in full force and effect adequate financial coverage of losses sustained by virtue of any accidental injuries sustained on their owned premises indemnifying #622 against any liability and by reason of the negligence of anyone managing #622 and pursuant to said coverage and indemnification defendant Love's is a proper party herein pursuant to the laws of the State of Wisconsin and said defendant Love's is liable to Davis.

4. That the involuntary plaintiff, Atlantic Specialty Insurance Company, hereinafter "Atlantic", is a foreign insurance corporation incorporated in the State of New York with its principal place of business located at 605 Highway 169 N. Plymouth, Minnesota 55441 that said Atlantic is licensed to issue policies of insurance in the State of Wisconsin. Healthcare services entity whose principal place whose Registered agent for service of process is Corporation Service Company located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717; that Upon information and belief, At all times relevant hereto, Plaintiff Atlantic Specialty issued an occupational-accident policy, policy number 216002201, under which Harry T. Davis was a covered individual at the time of the January 31, 2019, incident described herein Atlantic may have paid medical and/or other bills incurred by Davis as a result of the injuries sustained in the incident giving rise to this Complaint: that as a result of said payments, Atlantic may claim to be subrogated to

the interests of the Plaintiff to the extent of payments made and is therefore a necessary and proper party to this action pursuant to Wisconsin law. The Plaintiff hereby alleges that Atlantic is not entitled to subrogation in this case.

5. That the involuntary plaintiff, Blue Cross Blue Shield, hereinafter "Blue" is involved in the providing of health insurance with corporate offices located at 1 Eden Pkwy, Lagrange, KY 40031 whose Registered agent for service of process is Patricia G. Tobin, Esquire; that upon information and belief, said Blue may have paid medical and/or other bills incurred by Davis as a result of the injuries sustained in the incident giving rise to this Complaint. As a result of said payments, Blue may claim to be subrogated to the interests of the Plaintiff to the extent of payments made, and is therefore a necessary and proper party to this action pursuant to Wisconsin law. The Plaintiff hereby alleges that Blue is not entitled to subrogation in this case.

6. That the defendant ABC Incorporated, hereinafter ABC, is a fictitious domestic entity that, upon information and belief, may have been contracted by the defendants prior to January 31ST, 2019, #622 and Love's, with the daily removal shoveling of ice as well as the salting of said ice and snow from the location of the gas pumps and also the entire premises on which customers were permitted in order to purchase and fill up their vehicles with gas; that said ABC is located in the city of Menomonie, County of Dunn state of Wisconsin and, is and was involved in the general maintenance and upkeep of solid surfaces and pavements including Gas Lots and abutting areas; that said ABC failed to adequately maintain the surfaces on which customers of #622 walked in order to pump gas into their vehicles in as safe as their nature permitted thereby creating unsafe and dangerous environments and conditions.

7. That the defendant XYZ Insurance Company is a fictitious domestic entity there was in full force and effect a policy of liability insurance issued by defendant ABC, indemnifying them against financial liability, and by reason of the negligence of defendant ABC and or their employees, servants, agents and staff, and pursuant to said contract of insurance, defendant XYZ Insurance Company has an interest in the outcome of this action adverse to the plaintiff and is therefore a proper party herein pursuant to the laws of the State of Wisconsin.

8. That on or about January 31st, 2019, at around 4:00 PM, the Davis, was a lawful customer at the premises located at Love's Travel Stops identified as Store #622 and owned and managed by the defendants Love's and ABC; that at the same date, place and time, defendants negligently and wantonly failed to maintain the premises at issue to cause Davis to slip and fall on a patch of unsalted ice, which resulted in his sustaining severe personal injuries and damages. Furthermore, defendants, violated Wisconsin Statute § 101.11, by failing to provide a safe place for its frequenters thereof. That defendants knew or should have known of the dangerous condition of the premises at issue and failed to correct it and/or warn of it; that those said defendants, were Negligent Per Se because of their respective violations of Wisconsin Statute § 101.11, which is a Safety Statute and said negligence were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Davis; that said injuries included but are not limited to his tibia, knee, and meniscus in his left knee.

9. That at all times material hereto, Love's had a duty to and was responsible to administer, clean, supervise, manages, maintain, repair, replace, inspect, operate, safeguard, and or control the premises at issue which duty it woefully failed to comply with, causing the

7

injuries sustained by Davis and thereby rendering Love's liable to Davis.

## CAUSE OF ACTION 1: NEGLIGENCE

10. That all times relevant hereto, Love's had a duty to administer, clean, supervise, manage, maintain, repair, replace, inspect, operate, safeguard, and/or control the Premises.

11. At all times relevant hereto, Love's had a duty to and was responsible for hiring and controlling professional and competent persons, vendors, agents, and or companies to operate, manage, maintain, inspection and/or clean the Premises and to remove snow and ice from the Premises.

12. Love's and its agents, vendors, servants, employees, and representatives were under a legal duty to keep the Premises in question free and clear of hazardous conditions, including ice and snow.

13. Love's and its agents, servants, employees, and representatives had a duty to warn frequenters of the Premises of any unsafe and hazardous conditions, including but not limited to accumulation of ice and snow.

14. Love's and its agents, servants, employees, and representatives breached its legal duty to Harry T. Davis by failing to exercise ordinary care in maintain the Premises free and clear from ice and snow.

15. Love's agents, vendors, servants, employees, and representatives responsible for maintained the Premises in question were acting in the scope of their employment when they failed to adequately clear the snow and ice from the area where Harry T. Davis was injured.

16. At the aforesaid time and place, Love's, by and through its agents, servants,

8

employees, and/or representatives were negligent, carless and reckless in manners that include but are not limited to:

a. Failing to inspect the Premises to detect any unsafe and/or hazardous conditions.

b. Failing to maintain the Premises in a safe condition for all persons lawfully thereon, including Harry T. Davis.

c. Failing to warn of any unsafe conditions and/or hazards on the Premises.

d. Failing to repair, remove, eliminate, remedy, clear or correct any unsafe or hazardous conditions on the Premises, including ice and snow.

e. Failing to inspect the Premises to detect any unsafe and/or hazardous conditions.

f. Failing to supervise, manage, oversee, and control the maintenance, cleaning, inspection, and snow and ice removal policies and procedures of the Premises.

g. Failing to administer, institute, and enforce appropriate policies, guidelines, and procedures for property maintenance, safety, hazard identification, inspections, and hazard removal.

h. Failure to perform snow removal services and remove defects.

i. Failing to supervise another company/person in their snow and ice removal activities; and

9

j.  Were otherwise negligent, careless, and/or reckless.

17. As a direct and proximate result of the negligence of Love's, and its agents or employees, Harry T. Davis sustained physical injuries, pain and suffering, emotional distress, financial losses, past medical expenses, and may incur additional medical expenses and losses in the future.

18. The injuries sustained by Harry T. Davis are the direct and proximate result of the negligent failure of Love's, its agents, vendors, employees, representatives, and agents to adequately control, maintain, operate, manage, inspect, and/or clean the Premises to ensure the Premises would be free and clear of hazardous and unsafe conditions, including ice and snow.

19. As Atlantic has paid, and may in the future be obligated to pay, occupational-accident benefits to Harry T. Davis, it has a right to maintain an action against Love's for injuries sustained by Harry T. Davis pursuant to the principals of equitable and contractual subrogation, and to recover any proceeds recovered by Harry T. Davis from Love's as a result of the January 31, 2019 incident referred to herein.

**CAUSE OF ACTION 11: NEGLIGENCE UNDER SAFE PLACE STATUTE**

20. Plaintiff restates and realleges paragraph one (1) through nineteen (19) and incorporates by reference

21. Plaintiff realleges all of the preceding paragraphs and incorporates by reference each of said paragraphs as though fully stated herein.

22. That at all times material herein, Plaintiff Davis was a frequenter on the premises which was owned, operated and managed by Love's and #622 as defined by Wisconsin

Statues Chapter 101; that Davis exercised extreme care for his own safety at all times relevant to this action.

23. That Love's and its employees, agents and or servants had a duty to provide a Safe Place as well as maintaining the premises by not permitting unsafe conditions on their premises, all as defined in Wisconsin Statutes Chapter 101 to all frequenters. Further, Defendant Love's was at all times material herein in control of the Premises on which Harry t. Davis was injured.

24. It was the duty of Love's and all of its employees, agents and servants to provide a safe place and maintain their Premises for frequenters on the premises as defined by Wisconsin Statutes, Chapter 101.

25. At the time of the January 31, 2019, incident described herein, Love's failed to maintain its Premises to be safe for frequenters of the Premises, and further failed to do every other thing reasonably necessary to protect the life, health, safety and welfare of frequenters of said Premises, which constituted a violation of Wisconsin's Safe Place Statute, Wis. Stat. § 101.11.

26. At all times relevant hereto, Love's and all of its employees, agents and/or servants, were negligent in the manner in which they performed various acts, or omitted to perform various acts, and failed to adhere to the duty owed under the Safe Place Act of Wisconsin, all of which rendered the Premises described above unreasonably dangerous and inadequate so as to reasonably maintain and furnish a safe place to protect the life, health, safety and welfare of any and all frequenters which was a direct and proximate result of the injuries and damages to Harry T. Davis, as described herein.

27. As Atlantic has paid, and may in the future be obligated to pay, occupational

Accident benefits to Harry T. Davis, it has a right to maintain an action against Love's for injuries sustained by Harry T. Davis pursuant to the principals of equitable and contractual subrogation, and to recover any proceeds recovered by Harry T. Davis from Love's as a result of the January 31, 2019 incident referred to herein.

28. That as a direct and proximate result of the respective negligence of each of the Defendants Love's, #622 ABC and XYZ, Davis, sustained severe personal injuries, which are permanent in nature, necessitating past and future medical care and attention, past and future pain, suffering, disability, loss of wages, Loss of earning capacity, Loss of the Enjoyment of Life and other damages.

29. That each of the defendants, Love's, #622, ABC and XYZ, is negligent and therefore liable in damages to Davis as a matter of law.

**WHEREFORE**, the plaintiff, Davis, demands judgment against the defendants as follows:

a. compensatory damages in a monetary amount that is fair and reasonable.

b. the costs and disbursement of this action; and

c. whatever other relief the Court may deem just equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF TWELVE (12) PERSON**

Dated at Wauwatosa, WI this 28th day of January 2022.

Emmanuel L. Muwonge & Associates, LLC
Attorneys for the Plaintiff, Harry Davis

Electronically signed:   By: *Emmanuel L Muwonge*
Emmanuel L. Muwonge
State Bar No.:1019057
Emmanuel@muwongelaw.com

**POST OFFICE ADDRESS:**

12

10701 West North Avenue, Suite 203
Wauwatosa, WI 53226
(414) 933-4144
(414) 933-2979